UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**JOHN JEFFREY CARRILL**,
an individual,
Plaintiff,

Hon.
Case No.

v.

**HMJG GROUP LLC d/b/a REDSTONE PROPERTIES LLC,**
a Domestic Limited Liability Company
**GARY HENSCH,** individual,
**MIKE EIKEY,** individual,
**HEATHER BRAND,** individual,
jointly and severally,
Defendants.

| | |
|---|---|
| **AVANTI LAW GROUP, PLLC**<br>Robert Anthony Alvarez (P66954)<br>Victor M. Jimenez Jr. (P85194)<br>Attorneys for Plaintiff<br>600 28th St. SW<br>Wyoming, MI 49509<br>(616) 257-6807<br>ralvarez@avantilaw.com<br>vjimenez@avantilaw.com | |

**PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND**

NOW COMES Plaintiff, by and through his attorneys at the Avanti Law Group, PLLC, and in his Original Complaint states as follows:

1. This is a civil action brought on behalf of Plaintiff to recover for Defendants' willful and knowing violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq*., and the Improved Workforce Opportunity Wage Act ("IWOWA"), M.C.L. § 408.931 *et seq*.

1

2. During the period of the parties' employment relationship, Defendants failed to pay Plaintiff overtime at the rate of one and one-half times his regular rate for hours worked in excess of forty (40) hours during a workweek.

3. Plaintiff seeks a declaration that his rights were violated, an award of unpaid overtime wages, an award of liquidated damages, and an award of attorney's fees and costs.

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

5. This Court has supplemental jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. § 1391.

6. Supplemental jurisdiction is appropriate because Plaintiff's state law claims share a common nucleus of operative fact with Plaintiff's federal claim and the claims are most efficiently resolved together in one court.

7. Employees of Defendant HMJG Group LLC, d/b/a Redstone Properties, LLC ("Redstone") were either (1) engaged in commerce; or (2) engaged in the production of goods for commerce; or (3) employed in an enterprise engaged in commerce or in the production of goods.

8. Plaintiff was engaged in commerce either through 1) work related to the actual movement of commerce; 2) work that regularly uses the channels of commerce; or 3) work related to the instrumentalities of commerce.

9. Defendant Redstone's annual gross volume of sales made or business done is not less than $500,000.

10. Defendant Redstone employs more than two persons.

11. At all times relevant to this Complaint, Defendant Gray Hensch("Hensch") employs or employed more than two persons.

12. At all times relevant to this Complaint, Defendant Mikey Eikey ("Eikey") employs or employs more than two persons.

13. At all times relevant to this Complaint, Defendant Heather Brand ("Brand") employ or employed more than two persons.

14. Defendant Redstone is and was at all times relevant incorporated in the State of Michigan and has its principal place of business located in Grand Rapids, Michigan, within the United States Judicial District of the Western District of Michigan.

15. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the actions and omissions giving rise to the claims pled in this Complaint occurred in this District.

## PARTIES

16. Plaintiff John Jeffrey Carrill, is an individual who at all times relevant to this complaint resided in the County of Kent, state of Michigan.

17. Plaintiff executed a consent to sue form, attached hereto as *Exhibit A*.

18. Defendant HMJG Group PLLC, d/b/a Redstone Properties LLC, ("Redstone"), is a Michigan domestic Limited Liability Company whose registered office is located at 3330 Grand Ridge Drive NE. Grand Rapids Michigan 49525.

19. Defendant Redstone is a company that rents out residential properties to the community.

20. Defendant Mike Eikey (" Eikey ") is an individual who was one Plaintiff's direct supervisor from 2020 to 2022 and then again in May of 2024.

21. Defendant Heather Brand ("Brand") is an individual who was Plaintiff's direct supervisor who set Plaintiff's schedule from March of 2019 and began setting his rate of pay in May of 2024.

22. The Defendants mentioned at all relevant times to this complaint, were responsible for setting Plaintiff's schedule, directed Plaintiff's activities at work, and were responsible for approving Plaintiff's hours worked.

23. Defendants employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

24. Defendants employed Plaintiff within the meaning of M.C.L. § 408.932(b).

**GENERAL ALLEGATIONS**

25. Plaintiff worked for Defendants from approximately March 17, 2019 to approximately November 04, 2024.

26. Plaintiff was hired as a service technician for the properties.

27. Plaintiff's duties included, but were not limited to, receiving work orders as they were submitted; repairing leaking faucets; fixing light fixtures; addressing mold, drywall, and roofing issues; maintaining fire alarms, and performing various other maintenance tasks.

28. Plaintiff provided maintenance services for over 20 properties located in Holland, Caledonia, Alpine, and Heritage Hill.

29. Plaintiff was scheduled to work Monday through Sunday from 8:30 am to 5 p.m.

30. Despite Plaintiff's schedule, Plaintiff typically would work through his lunch and beyond his scheduled hours to complete maintenance tasks or respond to emergency maintenance requests.

31. Plaintiff was instructed not to clock in after 5pm even though he was expected to work past 5pm.

32. Plaintiff would work approximately 60 hours per week.

33. Plaintiff was compensated on a salaried basis, with annual pay increases of 5%, as well as allowances for his phone and vehicle. Plaintiff also received occasional bonuses through his employment.

34. Plaintiff would complain to Defendants regarding his overtime compensation.

35. Defendants informed Plaintiff that he was classified as a salary-exempt employee, therefore he was not entitled to overtime compensation.

36. Plaintiff was not compensated for all hours worked per workweek.

37. Plaintiff was not compensated at a rate no less than time and one half his regular hourly rate for hours worked over forty (40) in a workweek.

38. During his employment, Plaintiff worked for all Defendants.

39. Defendants did not compensate Plaintiff for all hours worked as required by the FLSA.

40. Defendants did not compensate Plaintiff for all hours worked as required by the IWOWA.

41. Defendants did not compensate Plaintiff at a rate of one and one-half times his regular hourly rate for all hours worked over forty (40) hours per week as required by the FLSA.

42. Defendants did not compensate Plaintiff at a rate of one and one-half times his regular hourly rate for all hours worked over forty (40) hours per week as required by the IWOWA.

## WILLFUL VIOLATIONS OF THE FLSA
## & TOLLING OF THE STATUTE OF LIMITATIONS

43. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the mandated minimum wage rate for all hours

worked, when Defendants knew or should have known such was due and that non-payment of wages would financially injure Plaintiff.

44. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory overtime rate of one and one-half times his regular rate for all hours worked in excess of forty (40) hours per week, when Defendants knew or should have known such was due and that non-payment of overtime wages would financially injure Plaintiff.

45. Defendants are a sophisticated business and individuals with the knowledge and expertise to know that the payment structure of Plaintiff was and is impermissible under the FLSA.

46. Defendants actively misled Plaintiff into believing that he was not entitled to an overtime premium throughout his entire employment.

47. Defendants stated to Plaintiff that he was not entitled to an overtime premium.

48. Defendants also failed to post the minimum and overtime wage notices required under Michigan state and U.S. Department of Labor regulations.

49. Plaintiff did not have actual or constructive knowledge of his right or entitlement to an overtime premium.

50. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his unpaid minimum and overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorney's fee.

### COUNT I
### VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §201 *et seq.*,
### FAILURE TO PAY OVERTIME

51. Plaintiff hereby incorporates by reference all previous paragraphs as if fully stated herein.

52. At all relevant times, Defendants have been "employer[s]" within the meaning of the FLSA, 29 U.S.C. § 203.

53. At all relevant times, Plaintiff was an "employee" of Defendants as the term is defined under the FLSA.

54. At all times relevant to this action, Defendants "suffered or permitted" Plaintiff to work and thus "employed" Plaintiff within the meaning of the FLSA, 29 U.S.C. §203(g).

55. The FLSA requires an employer to pay employees the federally mandated minimum wage as well as an overtime premium rate of one and one-half times their regular rate of pay for every hour worked in excess of forty (40) hours per workweek, 29 U.S.C. § 206.

56. By failing to compensate Plaintiff at a rate not less than one and one-half times his regular rate of pay for work performed in excess of forty (40) hours in a workweek, Defendants violated the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. § 206(a)(1), § 207(a)(1) and § 215(a).

57. Plaintiff was not paid at the rate of one and one-half times his regular rate of pay for hours worked in excess of forty (40) hours in a workweek.

58. Defendants' violations of the FLSA were knowing and willful.

59. The FLSA, 29 U.S.C. §216(b), provides that as a remedy for a violation of the FLSA an employee is entitled to his unpaid overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorney's fee.

60. As a result of Defendants' violation, Plaintiff is entitled to his unpaid overtime wages plus an additional equal amount in liquidated statutory damages along with costs and reasonable attorney fees.

## **COUNT II**

## VIOLATION OF MICHIGAN'S IMPROVED WORKFORCE OPPORTUNITY WAGE ACT, M.C.L. §408.931 *et seq.*, FAILURE TO PAY OVERTIME

61. Plaintiff hereby incorporates by reference all previous paragraphs as if fully stated herein.

62. The Improved Workforce Opportunity Wage Act ("IWOWA"), makes it unlawful for an employer to pay an employee less than what is prescribed in the statute. M.C.L. § 408.933.

63. At all relevant times, Defendants have been "employer[s]" within the meaning of the IWOWA, M.C.L. § 408.932(d).

64. At all relevant times, Plaintiff was an "employee" within the meaning of the IWOWA, M.C.L. § 408.932(c).

65. At all relevant times, Defendants "engage[ed], suffer[ed], or permitt[ed]" Plaintiff to work and thus Plaintiff was "employ[ed]" by Defendants within the meaning of the IWOWA, M.C.L. § 408.932(b).

66. The IWOWA requires an employer to pay employees the state mandated minimum wage for every hour worked in a work week as well as an overtime premium rate of one and one-half times their regular rate of pay for every hour worked in excess of forty (40) hours per workweek, M.C.L. § 408.934, M.C.L. § 408.934a(1).

67. By failing to compensate Plaintiff at a rate not less than one and one-half times his regular rate of pay for work performed in excess of forty (40) hours in a workweek, Defendants violated the IWOWA, M.C.L. § 408.931, *et seq*.

68. As a result of Defendants' violations, Plaintiff is entitled to his unpaid outstanding and minimum wages plus an additional equal amount in liquidated statutory damages along with costs and reasonable attorney fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests the following relief:

A. The actions of the Defendants complained of herein be adjudicated, decreed, and declared a breach of their obligations under the FLSA;

B. The actions of the Defendants complained of herein be adjudicated, decreed, and declared a breach of their obligations under the IWOWA;

C. Defendants be ordered to pay Plaintiff his unpaid wages together with an equal amount in liquidated damages;

D. Defendants be ordered to pay Plaintiff's costs and reasonable attorney fees pursuant to the FLSA;

E. Defendants be ordered to pay Plaintiff's costs and reasonable attorney fees pursuant to the IWOWA;

F. The Court grants such other and further relief as the Court may deem just or equitable.

Respectfully Submitted,

*/s/ Robert Anthony Alvarez*
Robert Anthony Alvarez (P66954)
Attorney for Plaintiff
Avanti Law Group. PLLC

## **REQUEST FOR TRIAL BY JURY**

NOW COMES Plaintiff, by and through his attorney, and hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

                                Respectfully Submitted,

                                */s/ Robert Anthony Alvarez*
                                Robert Anthony Alvarez (P66954)
                                Attorney for Plaintiff
                                Avanti Law Group. PLLC

## VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct.

Date: 1/8/2025

/s/ John Jeffrey Carrill