**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**
**(Southern Division)**
**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

| | |
|---|---|
| JOHN JEFFREY CARRILL, | Case No. 1:25-cv-00071 |
| Plaintiff, | Honorable Robert J. Jonker |
| v. | |
| HMJG GROUP, LLC d/b/a REDSTONE PROPERTIES, LLC, a domestic limited liability company, GARY HENSCH, MIKE EIKEY, and HEATHER BRAND, | |
| Defendants. | |

| Attorneys for the Plaintiff: | Attorneys for the Defendants: |
|---|---|
| Avanti Law Group, PLLC | Helmet Fox Law Group, PLLC |
| Robert Anthony Alvarez (P66954) | W. Todd Van Eck (P54745) |
| Victor M. Jimenez, Jr. (P85194) | P.O. Box 150379 |
| 600 28th Street NW | Grand Rapids, Michigan 49515 |
| Wyoming, Michigan 49509 | 616.866.6064 |
| 616.357.6807 | tvaneck@helmetfox.com |
| ralvarez@avantilaw.com | |
| vjimenez@avantilaw.com | |

**DEFENDANT HMJG GROUP, LLC'S ANSWER**
**RE: PLAINTIFF'S ORIGINAL COMPLAINT**

NOW COMES the defendant, HMJG Group, LLC ("Defendant"), by and through its attorneys, Helmet Fox Law Group, LLC by W. Todd Van Eck, to file this answer to the Plaintiff's Original Complaint ("Complaint").  The Defendant answers the complaint as follows:

1. This is a civil action brought on behalf of Plaintiff to recover for Defendants' willful and knowing violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq*., and the Improved Workforce Opportunity Wage Act ("IWOWA"), M.C.L. § 408.931 *et seq*.

**Response**: Admit that the Complaint seeks remedy pursuant to the statutes cited.  Deny that any defendant is liable under any one of the statutes.

2. During the period of the parties' employment relationship, Defendants failed to pay Plaintiff overtime at the rate of one and one-half times his regular rate for hours worked in excess of forty (40) hours during a work week.

**Response**: Denied.

3. Plaintiff seeks a declaration that his rights were violated, an award of unpaid overtime wages, an award of liquidated damages, and an award of attorney's fees and costs.

**Response**: Admit that the Plaintiff's request for relief contains the remedies recited in this paragraph of the Complaint.  Denied that there is liability by any defendant.

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

**Response**:  Admit.

5. This Court has supplemental jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. § 1391.

**Response**: Admit.

6. Supplemental jurisdiction is appropriate because Plaintiff's state law claims share a common nucleus of operative fact with Plaintiff's federal claim and the claims are most efficiently resolved together in one court.

**Response**: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matter set forth in this paragraph of the Complaint.

7. Employees of Defendant HMJG Group LLC, d/b/a Redstone Properties, LLC ("Redstone") were either (1) engaged in commerce; or (2) engaged in the production of goods for commerce; or (3) employed in an enterprise engaged in commerce or in the production of goods.

**Response**:    Denied.    Defendant HMJG Group, LLC was formed by filing its articles of organization with the Michigan Department of Licensing and Regulatory Affairs.  The formation date for Defendant HMJG Group, LLC was January 8, 2025 and did not exist prior to its formation date.  It is not the proper entity in this matter.  Defendant HMJG, LLC currently operates under the assumed name of "Redstone Properties, LLC", which was adopted as an assumed name by filing a certificate of assumed name with the Michigan Department of Licensing and Regulatory Affairs.  Prior to Defendant HMJG Group, LLC adopting the assumed name, it was the name of another entity that changed its name to SJG Rentals, LLC.

8. Plaintiff was engaged in commerce either through 1) work related to the actual movement of commerce; 2) work that regularly uses the channels of commerce; or 3) work related to the instrumentalities of commerce.

**Response**:  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the matter set forth in this paragraph of the Complaint. Denied that the Plaintiff was engaged in commerce as he was a maintenance man who performed maintenance work at locations located strictly in Michigan.

9. Defendant Redstone's annual gross volume of sales made or business done is not less than $500,000.

**Response**:    Denied.    Defendant HMJG Group, LLC was formed by filing its articles of organization with the Michigan Department of Licensing and Regulatory Affairs.  The formation

date for Defendant HMJG Group, LLC was January 8, 2025 and did not exist prior to its formation date.  It is not the proper entity in this matter.  Defendant HMJG, LLC currently operates under the assumed name of "Redstone Properties, LLC", which was adopted as an assumed name by filing a certificate of assumed name with the Michigan Department of Licensing and Regulatory Affairs.  Prior to Defendant HMJG Group, LLC adopting the assumed name, it was the name of another entity that changed its name to SJG Rentals, LLC.

10. Defendant Redstone employs more than two persons.

**Response**:  Denied.  Defendant HMJG Group, LLC was formed by filing its articles of organization with the Michigan Department of Licensing and Regulatory Affairs.  The formation date for Defendant HMJG Group, LLC was January 8, 2025 and did not exist prior to its formation date.  It is not the proper entity in this matter.  Defendant HMJG, LLC currently operates under the assumed name of "Redstone Properties, LLC", which was adopted as an assumed name by filing a certificate of assumed name with the Michigan Department of Licensing and Regulatory Affairs.  Prior to Defendant HMJG Group, LLC adopting the assumed name, it was the name of another entity that changed its name to SJG Rentals, LLC.

11. At all times relevant to this Complaint, Defendant Gary Hensch("Hensch") employs or employed more than two persons.

**Response**: Denied.

12. At all times relevant to this Complaint, Defendant Mike Eikey ("Eikey") employs or employs more than two persons.

**Response**: Denied.

13. At all times relevant to this Complaint, Defendant Heather Brand ("Brand") employ or employed more than two persons.

**Response**:  Denied.

14. Defendant Redstone is and was at all times relevant incorporated in the State of Michigan and has its principal place of business located in Grand Rapids, Michigan, within the United States Judicial District of the Western District of Michigan.

**Response**: Denied. Defendant HMJG Group, LLC was formed by filing its articles of organization with the Michigan Department of Licensing and Regulatory Affairs.  The formation date for Defendant HMJG Group, LLC was on January 8, 2025 and did not exist prior to its formation date. It is not the proper entity in this matter.

15. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the actions and omissions giving rise to the claims pled in this Complaint occurred in this District.

**Response**: Admit.

## PARTIES

16. Plaintiff John Jeffrey Carrill, is an individual who at all times relevant to this complaint resided in the County of Kent, state of Michigan.

**Response**: Admit.

17. Plaintiff executed a consent to sue form, attached hereto as *Exhibit A*.

**Response**:  In reliance on Exhibit A attached to the Complaint, the Defendant admits the allegation.

18. Defendant HMJG Group, LLC, d/b/a Redstone Properties LLC, ("Redstone"), is a Michigan domestic Limited Liability Company whose registered office is located at 3330 Grand Ridge Drive NE. Grand Rapids Michigan 49525.

**Response**:  Admit.

19. Defendant Redstone is a company that rents out residential properties to the community.

**Response**:  Admit that HMJG Group, LLC is a real estate management company that provides services for owners of real estate.  To the extent that this allegation claims that Defendant HMJG Group, LLC is the owner of real estate, the allegation is denied.

20. Defendant Mike Eikey ("Eikey") is an individual who was one Plaintiff's direct supervisor from 2020 to 2022 and then again in May of 2024.

**Response**:  Admit that Mike Eikey is an individual.  Admit that Mike Eikey was an employee of former Redstone Properties, LLC.  Admit that Mike Eikey a supervisor in a limited scope from 2020 to 2022 for the former Redstone Properties, LLC.  Starting in June 2024 and forward, Mike Eikey was also a supervisor in a limited scope.  Any other time frames in this paragraph of the Complaint are denied. The scope of supervision was limited in that Defendant Mike Eikey managed work orders and would direct the Plaintiff in completion of the work orders regarding performance of the work orders, but he provided no other supervision and did not control the Plaintiff's employment terms, compensation or hours.  Deny that Mike Eikey was an "employer" as defined by either statute claimed by the Plaintiff as the basis for the Complaint.

21. Defendant Heather Brand ("Brand") is an individual who was Plaintiff's direct supervisor who set Plaintiff's schedule from March of 2019 and began setting his rate of pay in May of 2024.

**Response**:  Admit that Defendant Heather Brand is an individual.  Deny that Heather Brand provided supervision of the Plaintiff prior to May 2024.  Admit that Defendant Heather Brand was a supervisor of the Plaintiff in a limited scope starting May 2024.  Defendant Heather Brand was acting maintenance supervisor regarding the management of work orders.

22. The Defendants mentioned at all relevant times to this complaint, were responsible for setting Plaintiff's schedule, directed Plaintiff's activities at work, and were responsible for approving Plaintiff's hours worked.

**Response**:  Denied for reasons provided already in this answer to the Complaint, including limited scope of supervision and because Defendant HMJG Group, LLC was not an employer of the Plaintiff.

23. Defendants employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

**Response**:  Denied as there is no distinction between "defendants" in this paragraph of the Complaint and the answers to the previous paragraphs show that HMJG Group, LLC is not a correct entity and that the limited scope of supervision would also remove defendants from being an "employer" under the statute.

24. Defendants employed Plaintiff within the meaning of M.C.L. § 408.932(b).

**Response**:  Denied as there is no distinction between "defendants" in this paragraph of the Complaint and the answers to the previous paragraphs show that HMJG Group, LLC is not a correct entity and that the limited scope of supervision would also remove defendants from being an "employer" under the statute.

## GENERAL ALLEGATIONS

25. Plaintiff worked for Defendants from approximately March 17, 2019 to approximately November 04, 2024.

**Response**:  Denied as there is no distinction between "defendants" in this paragraph of the Complaint and the answers to the previous paragraphs show that HMJG Group, LLC is not a correct entity and that the limited scope of supervision would also remove defendants from being an "employer" under the statute.

26. Plaintiff was hired as a service technician for the properties.

**Response**:  Denied as the named defendant HMJG is not correct.  Admit that Plaintiff worked as a maintenance technician for the former Redstone Properties, LLC.

27. Plaintiff's duties included, but were not limited to, receiving work orders as they were submitted; repairing leaking faucets; fixing light fixtures; addressing mold, drywall, and roofing issues; maintaining fire alarms, and performing various other maintenance tasks.

**Response**:  Admit.

28. Plaintiff provided maintenance services for over 20 properties located in Holland, Caledonia, Alpine, and Heritage Hill.

**Response**:  Admit.

29. Plaintiff was scheduled to work Monday through Sunday from 8:30 am to 5 p.m.

**Response**:  Denied as to Defendant HMJG Group, LLC as Plaintiff was not employed by it.    For the former Redstone Properties, LLC, the Plaintiff was scheduled to work Monday through Friday. The Plaintiff was also scheduled to work a rotating on-call from Friday at 5:00pm until the following Friday at 5:00pm.  The rotating on-call schedule was part of his employment wherein

he would reduce regularly scheduled hours when he worked on-call, after-hours, time periods.  An emergency after-hours call would be placed to a call service.  The call service would then contact the on-call maintenance technician.

30. Despite Plaintiff's schedule, Plaintiff typically would work through his lunch and beyond his scheduled hours to complete maintenance tasks or respond to emergency maintenance requests.

**Response**:  The Defendants lack the information or knowledge sufficient enough to form a belief as to the truth of the allegation in this paragraph of the Complaint.

31. Plaintiff was instructed not to clock in after 5pm even though he was expected to work past 5pm.

**Response**:  Denied.

32. Plaintiff would work approximately 60 hours per week.

**Response**:  Denied.

33. Plaintiff was compensated on a salaried basis, with annual pay increases of 5%, as well as allowances for his phone and vehicle. Plaintiff also received occasional bonuses through his employment.

**Response**:    Denied.    Defendant HMJG Group, LLC was formed by filing its articles of organization with the Michigan Department of Licensing and Regulatory Affairs.  The formation date for Defendant HMJG Group, LLC was January 8, 2025 and did not exist prior to its formation date.  It is not the proper entity in this matter.  Defendant HMJG, LLC currently operates under the assumed name of "Redstone Properties, LLC", which was adopted as an assumed name by filing a certificate of assumed name with the Michigan Department of Licensing and Regulatory

Affairs.  Prior to Defendant HMJG Group, LLC adopting the assumed name, it was the name of another entity that changed its name to SJG Rentals, LLC.  Admit.  The term "occasional" is misrepresenting as the Plaintiff was paid quarterly and yearly bonuses.

34. Plaintiff would complain to Defendants regarding his overtime compensation.

**Response**:  Denied.

35. Defendants informed Plaintiff that he was classified as a salary-exempt employee, therefore he was not entitled to overtime compensation.

**Response**:  Denied.

36. Plaintiff was not compensated for all hours worked per workweek.

**Response**:  Denied.

37. Plaintiff was not compensated at a rate no less than time and one half his regular hourly rate for hours worked over forty (40) in a workweek.

**Response**:  Denied.  Defendant HMJG Group, LLC was formed by filing its articles of organization with the Michigan Department of Licensing and Regulatory Affairs.  The formation date for Defendant HMJG Group, LLC was January 8, 2025 and did not exist prior to its formation date.  It is not the proper entity in this matter.  Defendant HMJG, LLC currently operates under the assumed name of "Redstone Properties, LLC", which was adopted as an assumed name by filing a certificate of assumed name with the Michigan Department of Licensing and Regulatory Affairs.  Prior to Defendant HMJG Group, LLC adopting the assumed name, it was the name of another entity that changed its name to SJG Rentals, LLC.  Deny that he worked over 40 hours.

38. During his employment, Plaintiff worked for all Defendants.

**Response**: Denied.

39. Defendants did not compensate Plaintiff for all hours worked as required by the FLSA.

**Response**: Denied.

40. Defendants did not compensate Plaintiff for all hours worked as required by the IWOWA.

**Response**: Denied.

41. Defendants did not compensate Plaintiff at a rate of one and one-half times his regular hourly rate for all hours worked over forty (40) hours per week as required by the FLSA.

**Response**: Denied.

42. Defendants did not compensate Plaintiff at a rate of one and one-half times his regular hourly rate for all hours worked over forty (40) hours per week as required by the IWOWA.

**Response**: Denied.

**WILLFUL VIOLATIONS OF THE FLSA**
**& TOLLING OF THE STATUTE OF LIMITATIONS**

43. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the mandated minimum wage rate for all hours worked, when Defendants knew or should have known such was due and that non-payment of wages would financially injure Plaintiff.

**Response**: Denied.

44. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory overtime rate of one and one-half times his

regular rate for all hours worked in excess of forty (40) hours per week, when Defendants knew or should have known such was due and that non-payment of overtime wages would financially injure Plaintiff.

**Response**:  Denied.

45. Defendants are a sophisticated business and individuals with the knowledge and expertise to know that the payment structure of Plaintiff was and is impermissible under the FLSA.

**Response**:  Denied.

46. Defendants actively misled Plaintiff into believing that he was not entitled to an overtime premium throughout his entire employment.

**Response**:  Denied.

47. Defendants stated to Plaintiff that he was not entitled to an overtime premium.

**Response**:  Admit as he was instructed not to work outside of 40 hours per the hour adjustment policy.

48. Defendants also failed to post the minimum and overtime wage notices required under

Michigan state and U.S. Department of Labor regulations.

**Response**:  Denied.

49. Plaintiff did not have actual or constructive knowledge of his right or entitlement to an overtime premium.

**Response**:  The Defendants lack the information or knowledge sufficient enough to form a belief as to the truth of the matter alleged in this paragraph of the Complaint.

50. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his unpaid minimum and overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorney's fee.

**Response**:  To the extent that the allegation in this paragraph is a statement of any Defendant's violation of the statute, it is denied.  To the extent that it is a recitation of Plaintiff's claim of the law, no answer is required.

**COUNT I**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §201 *et seq*.,**
**FAILURE TO PAY OVERTIME**

51. Plaintiff hereby incorporates by reference all previous paragraphs as if fully stated herein.

**Response**:  The Defendants restate all answers previously provided to each paragraph of the Complaint.

52. At all relevant times, Defendants have been "employer[s]" within the meaning of the FLSA, 29 U.S.C. § 203.

**Response**:  Denied.

53. At all relevant times, Plaintiff was an "employee" of Defendants as the term is defined under the FLSA.

**Response**:  Denied.

54. At all times relevant to this action, Defendants "suffered or permitted" Plaintiff to work and thus "employed" Plaintiff within the meaning of the FLSA, 29 U.S.C. §203(g).

**Response**:  Denied

55. The FLSA requires an employer to pay employees the federally mandated minimum wage as well as an overtime premium rate of one and one-half times their regular rate of pay for every hour worked in excess of forty (40) hours per workweek, 29 U.S.C. § 206.

**Response**:  To the extent that the allegation in this paragraph is a statement of any Defendant's violation of the statute, it is denied.  To the extent that it is a recitation of Plaintiff's claim of the law, no answer is required.

56. By failing to compensate Plaintiff at a rate not less than one and one-half times his regular rate of pay for work performed in excess of forty (40) hours in a workweek, Defendants violated the FLSA, 29 U.S.C. § 201 *et seq*., including 29 U.S.C. § 206(a)(1), § 207(a)(1) and § 215(a).

**Response**:  Denied.

57. Plaintiff was not paid at the rate of one and one-half times his regular rate of pay for hours worked in excess of forty (40) hours in a workweek.

**Response**:  Denied.

58. Defendants' violations of the FLSA were knowing and willful.

**Response**:  Denied.

59. The FLSA, 29 U.S.C. §216(b), provides that as a remedy for a violation of the FLSA an employee is entitled to his unpaid overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorney's fee.

**Response**: To the extent that the allegation in this paragraph is a statement of any Defendant's violation of the statute, it is denied.  To the extent that it is a recitation of Plaintiff's claim of the law, no answer is required.

60. As a result of Defendants' violation, Plaintiff is entitled to his unpaid overtime wages plus an additional equal amount in liquidated statutory damages along with costs and reasonable attorney fees.

**Response**:  Denied.

**COUNT II**
**VIOLATION OF**
**MICHIGAN'S IMPROVED WORKFORCE OPPORTUNITY WAGE**
**ACT, M.C.L. §408.931 *et seq.,***
**FAILURE TO PAY OVERTIME**

61. Plaintiff hereby incorporates by reference all previous paragraphs as if fully stated herein.

**Response**:

62. The Improved Workforce Opportunity Wage Act ("IWOWA"), makes it unlawful for an employer to pay an employee less than what is prescribed in the statute. M.C.L. § 408.933.

**Response**:  To the extent that the allegation in this paragraph is a statement of any Defendant's violation of the statute, it is denied.  To the extent that it is a recitation of Plaintiff's claim of the law, no answer is required.

63. At all relevant times, Defendants have been "employer[s]" within the meaning of the IWOWA, M.C.L. § 408.932(d).

**Response**: Denied.

64. At all relevant times, Plaintiff was an "employee" within the meaning of the IWOWA, M.C.L. § 408.932(c).

**Response**:  Denied.

65. At all relevant times, Defendants "engage[ed], suffer[ed], or permitt[ed]" Plaintiff to work and thus Plaintiff was "employ[ed]" by Defendants within the meaning of the IWOWA, M.C.L. § 408.932(b).

**Response**: Denied.

66. The IWOWA requires an employer to pay employees the state mandated minimum wage for every hour worked in a work week as well as an overtime premium rate of one and one-half times their regular rate of pay for every hour worked in excess of forty (40) hours per workweek, M.C.L. § 408.934, M.C.L. § 408.934a(1).

**Response**: To the extent that the allegation in this paragraph is a statement of any Defendant's violation of the statute, it is denied.  To the extent that it is a recitation of Plaintiff's claim of the law, no answer is required.

67. By failing to compensate Plaintiff at a rate not less than one and one-half times his regular rate of pay for work performed in excess of forty (40) hours in a workweek, Defendants violated the IWOWA, M.C.L. § 408.931, *et seq*.

**Response**:  Denied.

68. As a result of Defendants' violations, Plaintiff is entitled to his unpaid outstanding and minimum wages plus an additional equal amount in liquidated statutory damages along with costs and reasonable attorney fees.

**Response**:  Denied.

**PRAYER FOR RELIEF**

**WHEREFORE**, the Defendants request that this complaint be dismissed with prejudice and award it costs and attorney fees as permitted by law.

Date:    <u>March 26, 2025</u>          <u>/s/ W. Todd Van Eck</u>
                                         W. Todd Van Eck
                                         Helmet Fox Law Group, PLLC
                                         Attorneys for Defendants